Filed 5/4/21  P. v. Plascencia CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TINO PLASCENCIA,<br><br>  Defendant and Appellant. | 2d Crim. No. B305742<br>(Super. Ct. No. 19CR10581)<br>(Santa Barbara County)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>REHEARING<br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 19, 2021, be modified as follows:

1.  On page 1, the last sentence of the first paragraph ("We remand with directions to reduce Plascencia's probation term, and otherwise affirm.") is deleted and replaced with:

> We remand to permit Plascencia to show that he is entitled to a reduction of his probation term, and otherwise affirm.

2.   On page 5, in the first sentence of the first full paragraph, ", and the Attorney General concedes, that" is deleted so that the sentence reads:

> Plascencia contends he is entitled to seek the reduction of his probation term from five to two years pursuant to Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (A.B. 1950).

3.   On page 5, in the first sentence of the second full paragraph, "Subject to exceptions not relevant here (see § 1203.1, subd. (m))," is deleted and the sentence is modified to read as follows:

> Effective January 1, 2021, A.B. 1950 limits the length of a felony probation term to two years. (§ 1203.1, subd. (a).)

4.   On page 5, the last sentence of the second full paragraph ("He is therefore entitled to seek a reduction of his probation term on remand.  (*Sims*, at p. 964.)") is deleted and replaced with:

> He is therefore entitled to have the case remanded to permit him to show that he falls under none of A.B. 1950's exceptions and, if so, to seek a reduction of his probation term pursuant to the new law.  (*Sims*, at p. 964.)

There is no change in judgment.

Respondent's petition for rehearing is denied.


_____

GILBERT, P. J.          PERREN, J.          TANGEMAN, J.

Filed 4/19/21  P. v. Plascencia CA2/6 (unmodified opinion)
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TINO PLASCENCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B305742<br>(Super. Ct. No. 19CR10581)<br>(Santa Barbara County) |

A jury convicted Tino Plascencia of false imprisonment (Pen. Code,[1] §§ 236, 237, subd. (a)) and resisting arrest (§ 148, subd. (a)(1)).  The trial court sentenced him to two years in state prison, suspended execution of the sentence, and ordered him to serve five years of formal probation.  Plascencia contends:  (1) the prosecutor committed misconduct, and (2) his five-year probation term must be reduced to two years.  We remand with directions to reduce Plascencia's probation term, and otherwise affirm.

---

[1] Statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY

Plascencia and his girlfriend, S.G., got into an argument in the parking lot of an apartment complex. A security guard heard S.G. "let out [a] blood-curdling scream" and called 911. While on the phone, the security guard saw Plascencia carry S.G. 10 or 15 feet to his truck. The two then left the complex, and the security guard followed. When police stopped Plascencia a few blocks away, he got out of his truck and ran. He was arrested moments later.

Another man at the apartment complex, B.R., also witnessed Plascencia and S.G.'s argument. He heard Plascencia's truck speed off with S.G. screaming inside. B.R. called 911 and told the dispatcher that it looked like Plascencia had "stuck a female in the car with him. She was screaming." Though he did not see whether Plascencia had forced S.G. into the truck, "it seemed like" he had. B.R. also said that he thought Plascencia "might have dragged [S.G.] out of her truck. Maybe it's boyfriend/girlfriend, but definitely arguing." B.R. later told an investigator that he had heard S.G. "scream[] kind of in a panic."

During closing arguments, the prosecutor argued that Plascencia "grabbed" S.G. out of her car and that her "scream was described by two eyewitnesses as a blood-curdling scream for help and a scream of panic." Plascencia objected that "[t]here was no testimony about a blood-curdling scream." The trial court overruled the objection. The prosecutor then clarified that it was the security guard who characterized S.G.'s scream as "blood-curdling" and that it was B.R. who heard a "scream of panic."

The prosecutor also argued that Plascencia wanted jurors to "believe . . . his interpretation . . . that [S.G.'s] scream of

2

fear, her scream of panic, her struggling, her resisting him for trying to get out of the car, that should be interpreted as reasonable consent.  [¶]  That doesn't make any sense.  Two reasonable people saw what happened, and two reasonable people came to the conclusion that this was a kidnap[ping] and that . . . law enforcement needed to be involved."

During rebuttal, the prosecutor said that "two unbiased witnesses who observed the incident . . . reported seeing . . . a nonconsensual incident between a boyfriend/girlfriend." Plascencia objected that B.R. "did not say those things."  The trial court overruled the objection.

DISCUSSION

*Prosecutorial misconduct*

Plascencia contends the prosecutor committed misconduct when she argued that B.R.:  (1) heard a scream of panic when Plascencia "grabbed" S.G., (2) saw S.G. "struggling" and "resisting [Plascencia] for trying to get out of the car," and (3) concluded that this was a kidnapping based on the "nonconsensual incident between a boyfriend/girlfriend."  But Plascencia did not object when the prosecutor said that B.R. saw him grab S.G., or when she said that B.R. saw S.G. struggle and resist as she tried to get out of the truck, or when she said that B.R. concluded that he was witnessing a kidnapping.  Plascencia also failed to request that the trial court admonish the jury to "disregard the perceived impropriet[ies]."  (*People v. Thornton* (2007) 41 Cal.4th 391, 454.)  Those contentions are accordingly forfeited.  (*Ibid.*)

Plascencia's contentions also lack merit.  "'A prosecutor who uses deceptive or reprehensible methods to persuade the jury commits misconduct.'"  (*People v. Friend* (2009)

3

47 Cal.4th 1, 29.) "'[S]uch actions require reversal under the federal Constitution when they infect the trial with such "'unfairness as to make the resulting conviction a denial of due process.'" [Citations.]'" (*Ibid.*) "'Under state law, a prosecutor who uses such methods commits misconduct even when those actions do not result in a fundamentally unfair trial.' [Citation.]" (*Ibid.*)

As to Plascencia's first claim of misconduct, the prosecutor's description of what B.R. heard and saw was a "'"fair comment on the evidence."'" (*People v. Thomas* (2012) 53 Cal.4th 771, 822 (*Thomas*).) B.R. told the dispatcher that S.G. appeared to be "stuck" in a truck with Plascencia and was screaming and crying inside. He also told the dispatcher that Plascencia "might have dragged [S.G.] out of her truck." And he later told an investigator that he had heard S.G. "scream[] *kind of in a panic.*" (Italics added.) The prosecutor's comments are thus properly characterized as "'"reasonable inferences[] or deductions . . . drawn"'" from B.R.'s 911 call and testimony. (*Ibid.*)

The same is true regarding Plascencia's second claim of misconduct. The prosecutor did not argue that it was B.R. who saw S.G. "struggling" and "resisting" Plascencia as she tried to get out of his truck. Rather, that was her own characterization of the events that transpired in the apartment complex parking lot. Given the 911 calls and testimony from the security guard and B.R., the prosecutor's argument was again a "'"fair comment on the evidence."'" (*Thomas*, *supra*, 53 Cal.4th at p. 822.)

So, too, her argument that B.R. concluded that he had witnessed a kidnapping based on the "nonconsensual incident between a boyfriend/girlfriend." B.R. told the 911 dispatcher that Plascencia "might have dragged [S.G.] out of her

4

truck." He said that "it seemed like" Plascencia forced S.G. into his truck and that she was screaming as he sped away. He also characterized the incident as "[m]aybe . . . [a] boyfriend/girlfriend" thing and noted that the two were "definitely arguing." The prosecutor's comments were reasonable inferences drawn from the evidence provided by B.R. (*Thomas, supra*, 53 Cal.4th at p. 822.) No misconduct occurred. (*Ibid.*)

*Probation term*

Plascencia contends, and the Attorney General concedes, that he is entitled to seek the reduction of his probation term from five to two years pursuant to Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (A.B. 1950). (Stats. 2020, ch. 328, § 2.) We agree.

Subject to exceptions not relevant here (see § 1203.1, subd. (m)), effective January 1, 2021, A.B. 1950 limits the length of a felony probation term to two years (*id.*, subd. (a)). The provisions of A.B. 1950 apply retroactively to cases not yet final as of its effective date. (*People v. Sims* (2021) 59 Cal.App.5th 943, 955-964; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885.) The trial court here ordered Plascencia to serve a five-year probation term. His case is not yet final. He is therefore entitled to seek reduction of his probation term on remand. (*Sims*, at p. 964.)

DISPOSITION

The case is remanded for Plascencia to seek a reduction of his probation term consistent with A.B. 1950.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


6

Patricia L. Kelly, Judge

Superior Court County of Santa Barbara

_____

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.